Dear Mr. Allain:
On behalf of the Port of Iberia, you have requested the opinion of this office regarding the ability of the Port to construct and operate sewer and water facilities that benefit both Port property as well as private property near the Port. Your letter and the attachments thereto indicate that a sewer and water system planned to service tenants located upon Port property will be extended by the Port to private property owners located near the Port's property for reasons of economic feasibility. The Port has, or will, obtain servitudes for all private property served or traversed by the sewer and water system lines or equipment. We understand that the Port will retain ownership of all facilities constructed and will charge fees for the use, maintenance and operation of the sewer and water facilities. We assume that the fees charged to each user located on private property will be, at a minimum, sufficient to defray the costs of installation, operation and maintenance associated with those users' use of the system.
Specifically, and with reference to La. Const. Art. VII, Sec. 14, you ask:
 "May the Port of Iberia construct sewer lines traversing public roadways, and lift stations on adjacent private sites which have been dedicated to public use through appropriate servitude grants, even though a portion of the construction will serve privately owned industrial sites?"
La. Const. Art. VII, Sec. 14 prohibits the "funds, credit, property, or things of value of the State or of any political subdivision" from being "loaned, pledged, or donated to or for any person, association, or corporation, public or private." The Supreme Court has interpreted Art. VII, Sec. 14 to be violated whenever the State or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Municipal Risk ManagementAgency, 439 So.2d 399 (La. 1983). This office has construed the "legal obligation" requirement referred to in the Cityof Port Allen decision to be a requirement that the purpose and power for a particular expenditure of public funds be "sanctioned" or "authorized by law" or in the "discharge of a legal duty". Opinion No. 92-204. See also: Guste v. NichollsCollege Foundation, 564 So.2d 682 (La. 1990). Our opinions also refer to the requirement for "an underlying legal obligation or authority" for the transfer or expenditure of public funds. Opinions Nos. 92-543, 92-494, 92-402, 92-204.
We have reviewed the statutory authority granted to the Port of Iberia at R.S. 34:241, et seq. and note that the power and authority granted to the Port of Iberia is quite broad. In accordance with R.S. 34:241, the Port, created in 1938, is granted all power and authority granted to port, harbor and terminal districts by the 1921 constitution, "as well as such authority, powers and jurisdiction as may be hereinafter provided by this Part". Pertinently, in accordance with R.S. 34:247, the Port's Board of Commissioners:
 "Is authorized to make and construct any of the works of public improvements in the district and anything in connection therewith that may be necessary or useful for the business of the board."
We assume that the Port's Board of Commissioners has determined that the sewer and water system is necessary and useful to the Port's tenants, and that the system is therefore "necessary or useful for the business of the board". As such, it is our opinion that the broad authority statutorily granted to the Port authorizes the Port to construct and install sewer and water facilities to serve its own property and the tenants located thereon. Furthermore, as long as the Port will be compensated, through fees and charges, by each user of the system located on private property, we see no reason why La. Const. Art.VII, Sec. 14 would prohibit the Port from extending water and sewer to those "private" users.
Your correspondence, as well as correspondence received from Mr. Lawrence A. Durant, General Counsel to the Department of Transportation and Development, indicates an area of concern in addition to that raised under Art. VII, Sec. 14. Despite your preference that we limit our opinion herein to the issues raised by Art. VII, Sec. 14, we would be remiss if we did not attempt to address as well the issues raised by Mr. Durant.
Specifically, Mr. Durant asks:
 "[W]hether Port Construction and Priority Program Funds, provided through the Transportation Trust Fund, can be used to provide infrastructure facilities primarily for the use of owners of non-port property?"
The Transportation Trust Fund is provided for at La. Const. Art. VII, Sec. 27. Art. VII, Sec. 27(B) provides that the monies in the trust fund shall be appropriated or dedicated "solely and exclusively" for "construction and maintenance of roads and bridges of the state and federal highway systems, the Statewide Flood-Control Program or its successor,ports, airports, transit, state police for traffic control purposes, and the Parish Transportation Fund . . ." (Emphasis supplied). Pertinently, Sec. 27(B) provides:
 ". . . the monies in the trust fund allocated to ports, airports, flood control, parish transportation, and state highway construction shall be appropriated annually by the legislature only pursuant to a system of priorities for the expenditure of such monies . . ." (Emphasis supplied)
R.S. 34:3451, et seq., provides for and establishes the Port Construction or Development Priority Program (the "Priority Program"). R.S. 34:3452C provides that DOTD shall develop procedures for review and evaluation of project applications submitted for Program funding. Furthermore, that statutory provision provides that prior to the implementation of these review and evaluation procedures, DOTD "shall secure the approval" of the procedures by the House and the Senate Committees on Transportation, Highways, and Public Works functioning as a joint committee in accordance with the Administrative Procedure Act. It is our understanding that DOTD has established such procedures and we assume that those procedures were approved as required.
Even though Art. VII, Sec. 14 of the constitution does not prohibit the Port from building the water and sewer system described above with Port funds, it if the opinion of this office that the Port must comply with the provisions of R.S. 34:3451, et seq. in order to obtain and use funding from the Transportation Trust Fund. La. Const. Art. VII, Sec. 27. Furthermore, it is the opinion of this office that, in order to use Transportation Trust Funds, the Port's sewer and water project must comply with the procedures adopted by DOTD pursuant to R.S. 34:3451, et seq. This office must, however, respectfully defer to DOTD and its Counsel with regard to the proper interpretation of DOTD's own rules and regulations.
We trust the foregoing adequately addresses your concerns. Should you need assistance in other areas of the law, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: _____________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General